86 F.3d 1175
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenneth F. MCCARTHY, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 96-3091.
 United States Court of Appeals, Federal Circuit.
 May 7, 1996.
 
 Before PLAGER, LOURIE and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Kenneth F. McCarthy petitions for review of the final decision of the Merit Systems Protection Board, Docket No. DC0752950414-I-1, dismissing his appeal for lack of subject matter jurisdiction. Because the board did not err in determining that it lacked jurisdiction over McCarthy's appeal, we affirm.
 
 DISCUSSION
 
 2
 The Armed Forces Radiological Research Institute ("the agency") employed McCarthy as a Research Physiologist. In July 1994, the agency notified its employees that because of budgetary restrictions it planned to conduct a reduction-in-force during October-November 1994. In late July 1994, the agency offered McCarthy an early retirement with voluntary separation incentive payments. Pursuant to that offer, McCarthy was eligible for a $25,000 "buyout." The agency conveyed the offer to McCarthy in a memorandum entitled, "Voluntary Separation Incentive Payments," which stated in part:
 
 
 3
 When applying for the separation incentive payment, you must sign an agreement that the decision to resign or retire under these circumstances is entirely voluntary and that you agree to repay the entire incentive if you are reemployed by the Government ... within 5 years after separation. This agreement will serve as a commitment to resign or retire during the window period.
 
 
 4
 I want to emphasize that applying for a separation incentive payment is entirely voluntary on your part.
 
 
 5
 McCarthy then submitted an application for early retirement, and, in so doing, he signed documents stating that his decision was voluntary and had not been coerced. McCarthy's application for early retirement was accepted on September 1, 1994; his retirement was to take effect on or before February 28, 1995.
 
 
 6
 On February 24, 1995, McCarthy attempted to revoke his acceptance of the early retirement; however, he subsequently reinstated his early retirement request and retired on February 28, 1995. In March 1995, McCarthy filed an appeal with the Merit Systems Protection Board alleging that the agency had coerced him into accepting the early retirement. After giving McCarthy an opportunity to establish that it had jurisdiction over the appeal, the board determined that McCarthy had not raised a nonfrivolous allegation that he retired involuntarily and thus dismissed the appeal for lack of subject matter jurisdiction. This petition for review followed.
 
 
 7
 Our review of the board's decision is limited to determining whether it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Substantial evidence is "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 8
 McCarthy argues, inter alia, that "there was a long series of management's abuse of agency procedures and discretion that directly led to [his] retirement under duress," and that "there is substantial evidence that the R.I.F. was, in part, personally directed at [him]." These contentions lack evidentiary support in the record and thus do not establish error in the board's decision. Moreover, even if they had some support, that would not mean that the board's conclusions lacked substantial evidence. McCarthy, having been informed that accepting the buyout would be considered a voluntary act, took that action twice. The board's determination that McCarthy did not raise a nonfrivolous allegation that he retired involuntarily was thus supported by substantial evidence. In addition, we have carefully considered McCarthy's remaining arguments but find them unpersuasive. The board's decision was not arbitrary, capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law. Therefore, because the board lacks subject matter jurisdiction over voluntary retirements, Latham v. United States Postal Service, 909 F.2d 500 (Fed.Cir.1990), we affirm the board's decision that it lacked jurisdiction over McCarthy's appeal.